# STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

**FILED**

January 7, 2016
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**GREGORY MOORE,**
**Claimant Below, Petitioner**

**vs.)   No. 14-1178**  (BOR Appeal No. 2049492)
(Claim No. 2013014811)

**APPALACHIAN STONE, LLC,**
**Employer Below, Respondent**

## MEMORANDUM DECISION

Petitioner Gregory Moore, by Anne Wandling, his attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. Appalachian Stone, LLC, by Daniel Murdock, its attorney, filed a timely response.

This appeal arises from the Board of Review's Final Order dated October 29, 2014, in which the Board affirmed a May 12, 2014, Order of the Workers' Compensation Office of Judges. In its Order, the Office of Judges affirmed three separate claims administrator's decisions dated December 19, 2012, in which the claims administrator denied Mr. Moore's request for authorization of a pain management referral; denied authorization of Mr. Moore's request for an evaluation by a neurosurgeon; and held the claim compensable for lumbago but denied the compensability of multilevel degenerative changes at L3-4.[1] Additionally, the Office of Judges affirmed the claims administrator's decision dated January 7, 2013, denying Mr. Moore's request for authorization of a left hip MRI. Finally, the Office of Judges affirmed the claims administrator's decision dated February 14, 2013, denying Mr. Moore's request to add avascular necrosis of the left hip as a compensable component of the claim. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds that the Board of Review's decision is based upon a material

---

[1] Mr. Moore has not appealed the denial of his request to add multilevel degenerative changes at L3-4 as a compensable component of the claim to this Court.

mischaracterization of the evidentiary record. This case satisfies the "limited circumstances" requirement of Rule 21(d) of the Rules of Appellate Procedure and is appropriate for a memorandum decision rather than an opinion.

Mr. Moore was injured on October 20, 2012, while replacing a mining belt on a piece of heavy machinery. On October 24, 2012, he sought treatment in Williamson Memorial Hospital's emergency department and reported that he was experiencing back pain that radiated into his left leg following an injury sustained in the course of his employment. Radiographs of the lumbar spine were obtained and revealed mild degenerative changes, and Mr. Moore was diagnosed with lumbago and sciatica. Mr. Moore continued his follow-up care with his primary care provider, Ahsen Ali, M.D., who diagnosed him with lumbago and aseptic arthrosis of the left hip.

On January 17, 2013, an MRI of the left hip was performed and an indeterminate diagnosis of either avascular necrosis or inflammation was made. Following the left hip MRI, Mr. Moore sought treatment with Vivek Neginhal, M.D., who noted that Mr. Moore reported experiencing left hip pain and discomfort following a work-related injury to his lower back and left hip. Dr. Neginhal diagnosed Mr. Moore with osteoarthritis and aseptic necrosis of the femoral head. He subsequently performed a left total hip replacement during which the diagnoses of avascular necrosis and osteoarthritis were confirmed.

On June 10, 2013, Bruce Guberman, M.D., performed a records review. He opined that the avascular necrosis of the left femoral head was directly and solely related to the October 20, 2012, injury. He noted that Mr. Moore reported that he was in an awkward position at the time of the injury, and that Mr. Moore further reported a rapid onset of pain in his back, hip, leg, and groin. Dr. Guberman further opined that the pain reported by Mr. Moore represented a left hip injury. Finally, Dr. Guberman opined that enough time had elapsed between the date of injury and the date on which the left hip MRI was performed to conclude that the avascular necrosis revealed via MRI is causally related to the October 20, 2012, injury.

On September 23, 2013, ChuanFang Jin, M.D., performed an independent medical evaluation. She opined that the avascular necrosis present in the left hip is not causally related to Mr. Moore's employment. Dr. Jin noted that there is no medical literature suggesting that avascular necrosis has ever been caused by a lifting or twisting injury, and further opined that avascular necrosis is a chronic disease which does not develop within only a few months.

In five separate decisions, the claims administrator denied Mr. Moore's request for authorization of a referral for pain management; denied Mr. Moore's request for an evaluation by a neurosurgeon; held the claim compensable for lumbago but denied the compensability of multilevel degenerative changes at L3-4; denied Mr. Moore's request for authorization of a left hip MRI based upon a finding that the left hip is not a compensable body part; and denied Mr. Moore's request to add avascular necrosis as a compensable component of the instant claim. The Office of Judges affirmed all five claims administrator's decisions in a decision dated May 12, 2014. The Board of Review affirmed the reasoning and conclusions of the Office of Judges in its Order dated October 29, 2014. On appeal, Mr. Moore asserts that the evidence of record clearly demonstrates that he developed avascular necrosis of the left hip as a result of the October 20,

2012, injury, and further asserts that the diagnosis of avascular necrosis should be added as a compensable component of the claim and all necessary treatment relating to the diagnosis of avascular necrosis should be authorized.

Regarding the denial of authorization for a referral for pain management and the denial of the request for an evaluation by a neurosurgeon, the Office of Judges determined that Mr. Moore failed to introduce any evidence relating to those issues and therefore concluded that the claims administrator's decisions regarding those issues should be affirmed. The Board of Review affirmed the reasoning and conclusions of the Office of Judges with respect to the denial of authorization for a referral for pain management and the denial of the request for an evaluation by a neurosurgeon. We agree with the reasoning and conclusions of the Office of Judges and the Board of Review regarding the denial of Mr. Moore's requests for authorization of a pain management referral and an evaluation by a neurosurgeon. Mr. Moore has failed to introduce any evidence demonstrating that these requests are reasonably required and medically necessary for the treatment of the compensable injury.

Regarding Mr. Moore's request to add avascular necrosis as a compensable component of the claim, the Office of Judges found that Dr. Guberman's conclusion that the avascular necrosis of the left hip arises from the work-related injury amounts to speculation. The Office of Judges further found that because the injury was initially reported as a sudden back sprain, there is no reliable evidence that Mr. Moore ever sustained a left hip injury. Additionally, the Office of Judges concluded that the claims administrator properly denied Mr. Moore's request for authorization of an MRI of the left hip. The Board of Review affirmed the reasoning and conclusions of the Office of Judges regarding the denial of Mr. Moore's request to add avascular necrosis of the left hip as a compensable component of the claim, and also affirmed the conclusion of the Office of Judges that authorization for a left hip MRI was properly denied.

We find that the decisions of the Board of Review and Office of Judges regarding the request to add avascular necrosis of the left hip as a compensable component of the claim and regarding the denial of authorization for a left hip MRI are based upon a material mischaracterization of the evidentiary record. The evidence of record indicates that Mr. Moore developed new-onset left hip pain shortly after the compensable injury, and Mr. Moore was subsequently diagnosed with avascular necrosis of the left hip. Further, both Dr. Guberman and Mr. Moore's treating physician, Dr. Ali, have attributed the diagnosis of avascular necrosis of the left hip to the compensable injury. We therefore find that the diagnosis of avascular necrosis of the left hip is a compensable component of the instant claim. We further find that because the diagnosis of avascular necrosis of the left hip is a compensable component of the claim, Mr. Moore is entitled to authorization of a left hip MRI.

For the foregoing reasons, we find that the decision of the Board of Review is based, in part, upon a material misstatement or mischaracterization of the evidentiary record. The Board of Review erred in failing to add the diagnosis of avascular necrosis of the left hip as a compensable component of the claim, and further erred in failing to grant authorization for the requested left hip MRI. Therefore, the decision of the Board of Review is reversed, in part, and the case is remanded with instructions to add avascular necrosis of the left hip as a compensable

component of the claim and to authorize the requested left hip MRI. The remainder of the Board of Review's Order, namely its affirmation of the denial of Mr. Moore's requests for authorization of a pain management referral and a neurosurgical consultation, is affirmed.[2]

Affirmed, in part, reversed and remanded, in part.

**ISSUED:  January 7, 2016**

**CONCURRED IN BY:**
Chief Justice Menis E. Ketchum
Justice Robin J. Davis
Justice Margaret L. Workman

**DISSENTING:**
Justice Brent D. Benjamin
Justice Allen H. Loughry II

LOUGHRY, J., dissenting:

The majority incorrectly reasons that avascular necrosis of the left hip should be added as a compensable component of the instant claim. The evidence also indicates that avascular necrosis is a chronic disease that does not become symptomatic within just a few months. In particular, the medical evidence indicates that avascular necrosis is not caused by the type of lifting or twisting injury suffered by the claimant. The evidentiary record fails to demonstrate that the claimant developed avascular necrosis of the left hip as a result of the October 20, 2012, injury. The claims administrator, Office of Judges, and Board of Review all correctly concluded that the record shows that Mr. Moore's request to add avascular necrosis of the left hip as a compensable component of the claim is unrelated to the October 20, 2012, lumbar spine injury. Further, because the record fails to establish that the claimant developed avascular necrosis of the left hip as a result of the October 20, 2012, injury, the claims administrator, Office of Judges, and Board of Review all correctly concluded that authorization for a left hip MRI should not be granted. West Virginia Code § 23-5-15(c) (2010) provides, in pertinent part:

> *If the decision of the board represents an affirmation of a prior ruling by both the commission and the Office of Judges that was entered on the same issue in the same claim,* the decision of the board may be reversed or modified by the Supreme Court of Appeals only if the decision is in clear violation of constitutional

---

[2] Once again, this Court notes that Mr. Moore has not appealed the December 19, 2012, denial of his request to add multilevel degenerative changes at L3-4 as a compensable component of the claim.

4

or statutory provision, is clearly the result of erroneous conclusions of law, or is based upon the board's material misstatement or mischaracterization of particular components of the evidentiary record. *The court may not conduct a de novo re-weighing of the evidentiary record.*

(Emphasis added). Because it is clear that the majority has simply re-weighed the evidence to find in favor of Mr. Moore, I respectfully dissent.